IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
:
OFA KAREEM DONALDSON,            :
                                 :
            Plaintiff,           :
                                 :   Civil No. 06-5627 (RBK)
       v.                        :
                                 :   **OPINION**
                                 :
CHARLES E. SAMUELS, JR.,         :
INC., et al.,                    :
                                 :
            Defendants.          :
_____:

**KUGLER**, United States District Judge:

Presently before the Court is a motion by Defendants Warden Charles E. Samuels, Jr., Lieutenant S. Miller, and Senior Correctional Officer W. Archibald (collectively "Defendants") to dismiss the complaint of Plaintiff Ofa Kareem Donaldson ("Plaintiff") or alternatively, for summary judgment. Plaintiff alleges that Defendants assaulted him while he was an inmate in federal prison. For the reasons set forth below, this Court will deny Defendants' motion.

**I.    BACKGROUND**

Plaintiff, a former inmate at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Ft. Dix"), submitted the above-captioned Complaint on November 22, 2006. Plaintiff's Complaint, brought pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 391 (1999), alleges that Defendants violated Plaintiff's constitutional rights when on March 13, 2005, Defendant Correctional Officers Archibald and Miller physically assaulted him and Defendant Warden Samuels knew about the incident and refused to investigate.

Plaintiff first reported the incident on May 9, 2005, through an Administrative Remedy Request. Two days later, Defendant Warden Samuels responded, informing Plaintiff that his allegations had been referred to the proper authorities, an investigation would be conducted, and that Plaintiff would not be informed of the outcome. (Defs.' Br. Moran Decl. ¶¶ 9-10; Exs. 2-3.)

Dissatisfied with this response, Plaintiff filed an appeal with the Regional Office on July 5, 2005. The Regional Office rejected the appeal as untimely because it was not filed within the allotted twenty-day time period. Plaintiff was informed, however, that he could resubmit his appeal with a verification from prison staff on Bureau of Prisons letterhead that the late filing was not Plaintiff's fault. (Moran Decl. ¶¶ 11-13; Ex. 4.) Plaintiff then filed an appeal of the Regional Office's disposition to the Central Office on September 9, 2005. That same day, the Central Office rejected this appeal as untimely and also because Plaintiff had never submitted a verification to the Regional Office with his reasons for the late filing. (Moran Decl. ¶¶ 14-16.)

In the present motion, filed June 7, 2007, Defendants move for dismissal of the claims against them on the grounds that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. Plaintiff filed a brief opposing Defendants' motion on June 29, 2007.

## II.     STANDARD FOR SUMMARY JUDGMENT

A motion to dismiss for failure to exhaust administrative remedies is treated as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997). However, once the parties go "beyond the face of the pleadings" to establish whether the administrative remedies have been exhausted, courts should treat the issue "in a manner consistent with Rule 56 for summary judgment." Id. Since the parties have gone

outside the pleadings in this case, the Court will treat Defendants' motion as one for summary judgment.

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When the Court weighs the evidence presented by the parties, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Celotex, 477 U.S. at 330. The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

### III.  DISCUSSION

Pursuant to 42 U.S.C. § 1997e(a): "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  This provision requires "proper exhaustion," which demands compliance with an agency's deadlines and other critical procedural rules.  Roscoe v. Dobson, 248 Fed. App'x 440, 442 (3d Cir. 2007) (citing Woodford v. Ngo, 126 S. Ct. 2378, 2386-87 (2006)).  The purpose of the exhaustion requirement is "(1) to return control of the inmate grievance process to the prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous lawsuits."  Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004).  With the exhaustion requirement, Congress intended to afford "corrections officials time and opportunity to address complaints internally before allowing the initiation of federal case."  Id. at 227.

The exhaustion requirement's broad scope indicates that it "applies to all federal claims brought by any inmate," including claims related to specific incidents and claims of ongoing conditions.  Porter v. Nussle, 534 U.S. 516, 520, 532 (2002).  The prisoner must "carry the grievance through any available appeals process" before the remedies will be deemed exhausted.  Camino v. Scott, No. 05-4201, 2006 WL 1644707, *4 (D.N.J. June 7, 2006) (citing Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000); Spruill, 372 F.3d at 232).  Failure to exhaust remedies mandates dismissal of the inmate's claim.  Booth v. Churner, 532 U.S. 731, 739 (2001); Wilkins v. Bittenbender, No. 04-2397, 2006 WL 860140 (M.D. Pa. Mar. 31, 2006); Ahmed v. Sromovski,

4

103 F. Supp. 2d 838, 843 (E.D. Pa. 2000).

The Bureau of Prisons has established an administrative remedy procedure through which an inmate can seek review of any complaint regarding any aspect of his imprisonment.  See 28 C.F.R. § 542 et seq.  To exhaust administrative remedies, an inmate must first present his complaint to the Warden of the institution where he is confined.  28 C.F.R. 542.14.  He may then further appeal an adverse decision to the Regional Director within twenty calender days of the date the Warden signed the response.  28 C.F.R. 542.15(a).  An inmate who is not satisfied with the Regional Director's response may submit an appeal to the Central Office, General Counsel, within thirty calender days of the date of the date the Regional Director signed the response.  Id.  An appeal to the General Counsel is the final administrative appeal.  Id.

Defendants assert that Plaintiff has failed to exhaust the required steps before filing his Complaint.  In support, they cite information from the SENTRY database system in which the Bureau of Prisons indexes all administrative appeals filed by inmates. (See Defs.' Br. Moran Decl. ¶¶ 4-8.)  Based on this evidence, Defendants maintain that Plaintiff did not pursue his appeal to the Regional Office within the allotted twenty days and that his Central Office appeal was also untimely because it was filed more than thirty days after the Regional Office's response. (Defs.' Br. Moran Decl. Exs. 1-5.)

Nevertheless, Plaintiff has put forth evidence that prison officials denied him access to the forms necessary to timely exhaust his administrative remedies.  In interpreting § 1997e(a)'s requirement that "such administrative remedies as are available" be exhausted, the Eighth Circuit construed "available" to mean "capable of use for the accomplishment of a purpose: immediately utilizable . . . accessible."  Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (citing Webster's

Third New International Dictionary 150 (1986)).  The court in Miller explained that where a prisoner's allegations raise an inference that he was prevented from utilizing the prison's administrative remedies, those remedies were not "available" to him within the meaning of § 1997e(a).  Id.

The Third Circuit has embraced the same rationale.  In Camp v. Brennan, 219 F.3d 279 (3d Cir. 2000), the district court had granted summary judgment to the defendants on grounds of failure to exhaust, but the Third Circuit reversed and remanded where the plaintiff's grievance was not considered due to an imposed "grievance restriction" and the unwillingness of prison officers to take the grievance to the prison's grievance coordinator.  Id. at 281.  Likewise, in Mitchell v. Horn, 318 F.3d 523 (3d Cir. 2003), the court noted that the defendant-appellee conceded that the trial court had incorrectly dismissed the plaintiff's claim because it did not consider plaintiff's allegations that he was denied grievance forms.  Id. at 529 (citing Miller, 247 F.3d at 740).

Here, Plaintiff adduces sufficient evidence to call into question whether the procedures outlined in 28 C.F.R. § 542 et seq. were truly available to him.  Specifically, he submits a Request for Administrative Remedy dated August 3, 2005 in which he complained, "For the last 7½ months I have been in SHU, and this is the second time my UDC has failed to provide me with documents[] and copies in a timely manner."  (Pl.'s Opp'n Ex. 5.)  The "second time" to which Plaintiff refers is his "regional appeal[,] which is the heart of this complaint."  (Id.)  In that grievance he further alleges "a pattern of inconsistency in providing me with documents[] and copies, for I am unable to attain them myself" and "I must suffer[] and wait until my UDC finds it fit to supply me with the supplies I need to properly[] and timely file my complaints."  (Id.)

Finally, Plaintiff states, "I asked my UDC to . . . provide me with the necessary verification needed so my Appeal can be resubmitted[] and my process be unimpeded by faults not of my own, but of my UDC."  (Id.)  This grievance, to which Defendants offer no response, appears to reflect Plaintiff's willingness to remedy his late-filed Regional Appeal in accordance with the Regional Office's instructions and prison officials' failure to provide him with the materials necessary to do so.

Therefore, like the plaintiffs in Camp and Mitchell, Plaintiff has put forth evidence that he was unable to take advantage of the Bureau of Prisons' administrative remedy procedure.  This evidence raises a question of material fact as to whether the administrative remedies cited by Defendants were actually "available" to him within the meaning of § 1997e(a).  As a result, Defendants' motion will be denied.

### IV.   CONCLUSION

Based on the foregoing reasoning, this Court will deny Defendants' motion to dismiss, to be treated as a motion for summary judgment.  An accompanying Order shall issue today.


Dated: 3/24/08                                       s/ Robert B. Kugler
                                                     ROBERT B. KUGLER
                                                     United States District Judge